**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-6104**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER M. BROWN,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Sr., District Judge. (3:03-cr-00394-REP-5)

───────────

Submitted: January 26, 2021                    Decided: February 9, 2021

───────────

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher M. Brown appeals from the district court's order denying his motion for a reduction of sentence under § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Brown contends that the district court did not adequately "engage with" the arguments made regarding his criminal history and offense conduct. He also contends that the district court improperly failed to explain why it disagreed with the sentencing court's alternative minimum sentence and the Government's consent to a reduction. We affirm.

A district court's decision whether to grant a sentence reduction motion to an eligible defendant ordinarily is reviewed for abuse of discretion. *See United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (addressing denial under 18 U.S.C. § 3582(c)(2)). In *United States v. McDonald*, __ F.3d __, No. 19-7668, 2021 WL 218888, at *1 (4th Cir. Jan. 22, 2021), we held that, although there is a presumption that the district court adequately considered the relevant sentencing factors in a resentencing proceeding under the First Step Act, such a presumption is overcome by the presentation of mitigating factors not present at the original sentencing. Specifically, where a prisoner, despite a lengthy prison term, utilizes "the resources and programming they could access in prison . . . [there] is enough to require a district court to provide an explanation on the record of its reasons for deciding a sentencing reduction motion." 2021 WL 218888, at *8.

Here, unlike in *McDonald*, the district court specifically addressed the post-sentencing mitigation arguments raised by Brown. While the court did not give a lengthy discussion of Brown's evidence or circumstances, the court explicitly stated that,

2

while laudable, Brown's post-sentencing, rehabilitative efforts did not outweigh the seriousness of his criminal conduct and history. Although Brown argues that the district court did not give enough consideration to the details of his criminal conduct and history to conclude that they were too "serious" to permit a sentence reduction, the majority of Brown's claims were considered in his prior two sentencing hearings and, in fact, netted him a downward departure.

Moreover, the court was not required to discuss the issues in depth or to provide lengthy reasoning. Instead, the court needed only to provide enough reasoning to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018). The district court clearly considered the parties arguments, even ordering further briefing, and we find that the basis for the court's decision was reasonable, grounded in the record, and not based on a misapprehension of the law or facts. *See United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (holding that, so long as court addresses defendant's "central thesis," it need not "address separately each supporting data point marshalled on its behalf"), *cert. denied*, 2020 WL 6385951 (U.S. Nov. 2, 2020).

Brown also contends that the district court did not address the facts that the sentencing court imposed a 120-month alternative sentence and that the Government did not object to a sentence reduction. However, we note that the sentencing court's statement lacked any reasoning or supporting discussion. Thus, the statement had little-to-no probative value, and the district court would essentially be left to guess as to the basis for

3

the determination before it could analyze or weigh it. As for the Government's recommendation, it was based exclusively on Brown's prison conduct, which was already separately considered by the court. As such, we conclude that the district court did not err in declining to explicitly address these arguments. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("[A]rguments strictly without merit can, and for the sake of judicial economy should, be passed over in silence.").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*